# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 11, 2017

Plaintiff-Appellee,

v

No. 331936
Van Buren Circuit Court
LC No. 15-019958-FC

EARL CLIFTON NIX, JR.,

Defendant-Appellant.

Before: WILDER, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant, Earl Clifton Nix, Jr., was convicted by a jury of four counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a), two counts of CSC I, MCL 750.520b(1)(b) and two counts of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(d), and sentenced as a second-offense habitual offender, MCL 769.10, to 281 months to 36 years' imprisonment for the four counts of CSC I based on the victim's age, to 225 months to 36 years' imprisonment for the two counts of CSC I based on the victim's familial relationship with defendant, and to 179 to 270 months' imprisonment for the two counts of CSC III. We affirm.

Defendant sexually assaulted the victim, his adopted daughter, on a regular basis, starting when she was 10 years old and ending shortly before she turned 25 years old. When the victim was 10 years old, she and defendant would "cuddl[e] on the couch." That "cuddling" turned to "rubbing . . . our bodies against each other" and, eventually, oral and vaginal intercourse, she explained. According to the victim, "it occurred pretty much nightly" during her childhood and would often result in her receiving things—movie tickets, clothing, money, etc.—in exchange for various sexual favors. Defendant's sexual assaults against the victim continued even after the victim moved out of defendant's home, after the victim was engaged to be married to another man, and after the victim gave birth to her and her now-husband's child. Eventually the victim disclosed the sexual assaults to law enforcement when defendant, after trying to digitally penetrate her vagina while her husband and daughter were nearby, commented that he "failed" "to create the perfect daughter with you but [would] start over with [the victim's daughter]." Defendant was charged with the crimes identified above, convicted by a jury as charged, and sentenced as set forth above.

On appeal, defendant argues that he was deprived of his constitutional right to the effective assistance of counsel due to defense counsel's failure to investigate the victim's medical records, defense counsel's failure to call one of the victim's sisters as a witness, and defense counsel's failure to adequately inform him of the prosecution's plea officers. We disagree in all three respects.

To preserve an appellate claim of ineffective assistance of counsel, a defendant may move for a new trial or for a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). While defendant does request a remand in his brief on appeal, this Court has explained that such a request, without an additional motion, see MCR 7.211(C)(1)(a)(*ii*), is insufficient to preserve the issue. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). We therefore review his claim of ineffective assistance of counsel for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Both the United States Constitution and Michigan Constitution guarantee criminal defendants the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To demonstrate that he or she was deprived of this constitutional right, a defendant must (1) "show that counsel's performance was deficient" and (2) "show that the deficient performance prejudiced the defense." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001), quoting *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (internal quotation marks omitted). In reviewing such a claim, defense counsel's actions are measured against an objective standard of reasonableness, *Payne*, 285 Mich App at 189, and defendant must overcome "a strong presumption of effective counsel when it comes to issues of trial strategy," *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). Defendant must then "show the existence of a reasonable probability" that, but for this deficient performance, "the result of the proceeding would have been different." *Carbin*, 463 Mich at 600.

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001). Trial strategy is entitled to strong deference, *Odom*, 276 Mich App at 415, and "[t]his Court will not substitute its judgment for that of trial counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight," *Garza*, 246 Mich App at 255. Therefore, "the failure to call witnesses only constitutes ineffective assistance if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).

In this case, defendant first argues that a remand is necessary to determine whether defense counsel rendered ineffective assistance of counsel by failing investigate the victim's medical records. On appeal, defendant provides some medical reports that purportedly reflect that the victim was referred to a gynecologist at some point. Based on these, he generally argues that the victim underwent a gynecological examination after the sexual assaults at issue took place. According to defendant, the victim's mother, who is also defendant's wife and who was called as a defense witness and testified that, in essence, her daughter was lying, is willing to testify on remand that a gynecological examination revealed that the victim's hymen was intact.

-2-

However, defendant has not provided an affidavit setting forth the victim's mother's testimony, has not provided a report of the gynecological examination that allegedly occurred, and has not identified when such an examination actually took place. Basically, the only "evidence" identified by defendant to support his position on appeal is an unsworn assertion as to what his wife would testify about on remand but did not testify about during trial. In our view, this is simply insufficient. Furthermore, while, assuming that all of these unsupported assumptions are true, we are unaware of any type of authority to support the idea that an intact hymen at an unidentified time during the victim's childhood, alone, would render the victim's sexual-assault allegations false as a matter of law. In short, while, if believed, it is possible that this offered evidence *might* have impacted the jury's deliberations, there is nothing in the record—and, perhaps more importantly, defendant does not provide anything on appeal—that actually supports that position. We therefore reject defendant's argument in this regard. For similar reasons, we also reject defendant's brief claim that defense counsel failed to adequately investigate any mental-health issues that the victim may have suffered from during her childhood. Defense counsel elicited testimony concerning the victim's history of depression, self-harm, and other related behavior in an attempt to attack the victim's credibility at trial. There is nothing in the record to suggest that any additional investigation regarding the victim's mental-health records would have made any difference in light of the fact that the jury, at least to an extent, obviously found the victim credible despite the existence of mental-health issues while the sexual assaults at issue were occurring. We therefore conclude that defense counsel's performance did not fall below an objective standard of reasonableness in this regard.

Second, defendant argues that a remand is necessary to determine whether defense counsel rendered ineffective assistance of counsel by failing to call one of the victim's sisters as a defense witness. Defendant claims that the victim's sister "would testify at an evidentiary hearing that the Defendant, her father, has never touched her sexually, never tried to get her to touch him sexually nor that he had never done anything to make her feel uncomfortable." In our view, defendant's lack of sexual assaults against the victim's sister, defendant's biological child, does not prove that defendant did not sexually assault the victim, defendant's adopted child, as he claims. Furthermore, the victim's mother and the victim's brother both testified that they did not observe any inappropriate contact between defendant and the victim, and there is no reason to think that offering more of the same, albeit from a different person, would have made any difference at trial. We therefore conclude that defense counsel's performance did not fall below an objective standard of reasonableness in this regard as well.

Moreover, even if we assume that defense counsel's performance did fall below an objective standard of reasonableness, it is our view that any error was not sufficiently prejudicial to require relief. All the evidence that defendant identifies on appeal, assuming that it actually exists, would have been admitted in an attempt to discredit the victim's credibility. However, the victim's testimony was corroborated by phone calls and private messages between the victim and defendant. Additionally, a childhood friend of the victim, the victim's grandmother, and the victim's husband also corroborated various aspects of the victim's testimony. While defendant challenged this evidence with his own witnesses, including the victim's mother and brother, it is apparent that the jury ultimately found the victim's testimony sufficiently credible to find defendant guilty as charged. Therefore, assuming that defense counsel's performance fell below an objective standard of reasonableness, we nevertheless conclude that defendant has failed to demonstrate that he was prejudiced as a result.

-3-

Finally, with respect to defendant's argument that defense counsel failed to adequately inform him of the plea offers proposed by the prosecution, relief is not required. Ineffective assistance of counsel, in the context of plea bargains, requires defendant to establish that (1) he would have accepted the plea offer, (2) the prosecutor would not have withdrawn the plea offer, (3) the trial court would have accepted defendant's plea bargain, and (4) defendant's sentence under the plea bargain would have been less severe than the sentence actually imposed. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), citing *Lafler v Cooper*, 566 US 156, 164; 132 S Ct 1376; 182 L Ed 2d 398 (2012). Defendant has not made any argument with respect to any of these four requirements. Therefore, defendant has abandoned this claim. *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Furthermore, nothing in the record before us offers any support for this claim.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien